IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LAMAR DOUGLAS,                             :
                                           :
                    Petitioner,            :
                                           :
        v.                                 :     Civ. Act. No. 11-622-LPS
                                           :
G.R. JOHNSON, Warden, and JOSEPH           :
R. BIDEN, III, Attorney General of the     :
State of Delaware,                         :
                                           :
                    Respondents.           :

---

Lamar Douglas. *Pro se* Petitioner.

Maria T. Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

September 14, 2015
Wilmington, Delaware

*signature* 

**STARK, U.S. District Judge:**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Lamar Douglas ("Petitioner"). (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss (D.I. 12), which the Court granted (D.I. 13). For the reasons discussed, the Court will grant the Motion to Dismiss. (D.I 12-1)

## I. BACKGROUND

In May 2007, Petitioner pled guilty to two counts of possession with intent to deliver marijuana, and one count each of possession of a firearm during the commission of a firearm by a person prohibited and endangering the welfare of a child. *See Douglas v. State*, 3 A.2d 1096 (Table), 2010 WL 3262724, at *1 (Del. Aug. 18, 2010). The Superior Court sentenced Petitioner to an aggregate of twenty-eight years of incarceration, with the May 2007 Sentence Order explicitly stating the two three-year sentences for his possession with intent to deliver convictions were mandatory. *Id.*; *see also* D.I. 12-1 at 1, 7-9.

In 2009, several clerical errors were found in Petitioner's May 2007 Sentence Order. (D.I. 12-1 at 1) The Superior Court held a re-sentencing hearing on September 25, 2009, after which Petitioner's May 2007 sentence for the crime of possession of a firearm by a person prohibited was reduced from eight years of incarceration suspended after three years for probation to three years of incarceration with no probationary sentence to follow. (*Id.*) In January 2010, Petitioner's counsel filed a Letter Motion in the Superior Court requesting that good time credits be applied to Petitioner's sentence. (D.I. 12-1 at 27, Entry No. 45) In a Letter Order dated January 29, 2010, the Superior Court denied the Motion, explaining:

> [t]he [3] year sentences [that were imposed for the delivery convictions] were enhanced by virtue of [Petitioner's] prior record under 16 Del. C. § 4763(a)(2). This enhancement statute provided for a minimum mandatory term of imprisonment, not subject to suspension and without probation or parole eligibility during the minimum term. However, good time credit

1

is not available because sentences without probation or parole eligibility cannot be reduced for good time. *Young v. State*, 981 A.2d 1174 (Table), 2009 WL 3286026 (Del. 2009); *Johnson v. State*, 472 A.2d 1311, 1314 (Del. 1983). The sentencing order has been modified to reflect (more specifically on the notes section) the result.

(D.I. 12-1 at 22) The Notes section of the January 2010 Corrected Sentence Order states that "all 4 charges on this order are mandatory with no goodtime. All other terms remain in effect." (D.I. 12-1 at 17) Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. *See Douglas*, 2010 WL 3262724, at *1.

## II. DISCUSSION

In his sole claim for relief, Petitioner asserts that the Superior Court's 2010 Corrected Sentence Order, which explicitly prohibits the application of good time credits, violates the *Ex Post Facto* and Due Process Clauses of the United States Constitution because it unforeseeably and retroactively increased his term of imprisonment. (D.I. 1 at 17-18) The State contends that the Court should dismiss the Petition because it merely asserts a claim that the Delaware state courts misinterpreted state law and, therefore, fails to present an issue cognizable on federal habeas review. (D.I. 12-1 at 3)

To the extent Petitioner attempts to obtain relief under the *Ex Post Facto* Clause, his attempt is unavailing. The *Ex Post Facto* Clause bars a retroactive legislative enactment that increases the punishment for a crime after it has been committed[1] and, "by its own terms, does not apply to courts." *Rogers v. Tennessee*, 532 U.S. 451, 458-60 (2001). The Supreme Court has explained that judicial *ex post facto* claims must be analyzed under the Due Process Clause, "in accordance with the more basic and general principle of fair warning." *Id.* at 452. Consequently, "a judicial alteration of a common law doctrine of criminal law violates the principle of fair warning, and [] must not be

---

[1] *See Garner v. Jones*, 529 U.S. 244, 249 (2000).

given retroactive effect, only where it is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Id.* at 462 (internal quotation marks omitted). Thus, the *Ex Post Facto* Clause does not apply to Petitioner's claim and, instead, the Court will treat Petitioner's contention regarding the alleged unconstitutionality of the retroactive application of the 2010 Corrected Sentence Order as alleging a violation of Petitioner's due process rights.

The Due Process Clause of the Fourteenth Amendment protects certain fundamental rights. *See White v. Napoleon*, 897 F.2d 103, 111 (3d Cir. 1990). The first step in analyzing if a prisoner's Due Process rights have been violated is determining if the prisoner has been deprived of an existing liberty or property interest. *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty', or it may arise from an expectation or interest created by state laws or policies."[1] *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). If a petitioner has been deprived of a liberty interest, the Court must then engage in a further inquiry to determine if the procedures followed by the State were constitutionally sufficient. *See Swarthout*, 131 S.Ct. at 861.

Notably, "the Constitution itself does not guarantee good time credit for satisfactory behavior while in prison. *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Shockley v. Hosterman*, 2007 WL 1810480, at *3 (D. Del. June 22, 2007). Rather, a state prisoner will only have a "constitutionally protected interest in good time credit" if a state statute creates a right to such

---

[1] Although the Due Process Clause of the Constitution protects certain liberty interests created under state law, including state laws governing the method for calculating the credit an inmate has earned toward release, Federal law does not dictate any specific methodology for calculating sentencing credit for state prisoners. *See, e.g., Sup't, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (holding that inmates cannot be deprived of "good time credits" without at least minimal due process because state statutes created liberty interest in such credits). Consequently, the role of the federal courts in such circumstances is limited to the enforcement of due process rights created by state law. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

3

credit. *See Wolff*, 418 U.S. at 556-57. When a state prisoner is statutorily entitled to good time credits, he possesses a liberty interest in a reduced sentence under the Due Process Clause, and those credits cannot be revoked arbitrarily or without minimum procedural guarantees. *Id.*

In Delaware, the "allowance of good time to an inmate is strictly a matter of statute." *Snyder v. Andrews*, 708 A.2d 237, 242 (Del. 1998). At the time of Petitioner's conviction in 2006 and his sentencing in 2007, well-settled Delaware precedent interpreting the applicable Delaware sentencing statutes dictated that minimum mandatory sentences could not be reduced for good time credit. *See Richmond v. State*, 446 A.2d 1091 (Del. 1982). As a result, Petitioner never had a protected liberty interest in earning good time credit for his mandatory sentences. Thus, the new language in the 2010 Corrected Sentence Order regarding the unavailability of good-time credit for Petitioner's mandatory sentences merely reiterated and clarified a pre-existing situation; it did not arbitrarily or unforeseeably increase the length of Petitioner's imprisonment by abrogating or removing any credit (or credit opportunity) that was rightfully his.[2] *See Douglas*, 2010 WL 3262724, at *1. Accordingly, Petitioner's argument that his Due Process rights have been violated necessarily fails.

Hence, the Court concurs with the State's assertion that Petitioner's argument simply challenges the Delaware state courts' interpretation and application of Delaware law. Given that a

---

[2]When affirming the Superior Court's decision that good-time credit was not available, the Delaware Supreme Court also explained that a recent legislative amendment regarding good-time credits did not entitle Petitioner to good time credit, stating that,

> [a]lthough the General Assembly has recently changed Section 4381 to allow good time credits for certain mandatory sentences, it has expressly excluded sentences imposed prior to the enactment of this amendment, which occurred on July 15, 2010. The Superior Court did not err when it denied [Petitioner's] motion to apply good time credit to his mandatory sentences.

*Douglas*, 2010 WL 3262724, at *1.

4

claim alleging an error of state law fails to assert an issue cognizable on federal habeas review,[3] the Court will grant the State's Motion to Dismiss and deny the Petition for failing to assert a proper ground for federal habeas relief.

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition does not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the State's Motion to Dismiss Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is granted, and the Petition is dismissed. An appropriate Order will be entered.

---

[3] *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review).

5